## In the MATTER OF: Courtney Williams KRUDY, Respondent

### Supreme Court Case No. 41S00-1612-DI-653

Supreme Court of Indiana.

Filed December 16, 2016

Published Order Accepting Resignation and Concluding Proceeding

Loretta H. Rush, Chief Justice of Indiana

Respondent has tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission

and Discipline Rule 23(17), which requires an acknowledgement that there is presently pending an investigation into or a proceeding involving allegations of misconduct and that Respondent could not successfully defend herself if prosecuted.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26)(d).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). If Respondent seeks reinstatement, the misconduct admitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, may be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). Acceptance of Respondent's resignation from the bar serves only to remove Respondent from the practice of law and does not relieve Respondent from any liability she might have for her misconduct under civil or criminal law.

The costs of this proceeding are assessed against Respondent.

All Justices concur.